# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0415, <u>Brian J. Goodman v. Wachovia Mortgage</u>, the court on June 14, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Brian J. Goodman (owner), appeals an order of the Superior Court (<u>Smukler</u>, J.) granting summary judgment in favor of the defendant, Wells Fargo Bank, N.A., s/b/m Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (bank). The owner contends that the trial court erred by: (1) finding that he defaulted on his mortgage loan to the bank; (2) not finding that the bank was estopped from foreclosing upon his property because it refused to accept his payments after he "was running late to get a check to" the bank's attorney's office, as ordered by the trial court, and "tried to call the bank directly to make the payment"; (3) finding that the bank held the original note and mortgage; (4) finding that the bank "became the holder of the mortgage and note by succession when World Savings Bank merged with it"; (5) not finding that the bank breached an oral modification to the mortgage, which the mortgage prohibited; (6) denying his motions to compel the attendance and testimony of two affiants whose affidavits the bank presented to the trial court; (7) relying upon those affidavits; and (8) concluding that there were no genuine issues of material fact regarding whether he had defaulted, the bank had a loan in his name, the bank held the original note, and the note had passed to it by operation of law. Any remaining issues raised by the plaintiff are not sufficiently developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

As the appealing party, the owner has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the owner's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the owner has not demonstrated reversible error. <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
